UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

COURTNEY PRESSON,

       Plaintiff,

vs.

VALLARTA MEXICAN
RESTAURANT, INC., a Florida For
Profit Corporation,

       Defendant.    /

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, COURTNEY PRESSON, by and through the undersigned attorney, sues the Defendant, VALLARTA MEXICAN RESTAURANT, INC., a Florida For Profit Corporation, and alleges:

1. Plaintiff, COURTNEY PRESSON, was an employee of Defendant and brings this action for unpaid overtime compensation, declaratory relief, and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) ("FLSA").

### General Allegations

2. Plaintiff was an employee who worked at Defendant's property within the last three years for Defendant in Lutz, Hillsborough County, Florida.

3. Plaintiff, COURTNEY PRESSON, worked for Defendant from approximately August 2015 to June 2016.

4. Plaintiff, COURTNEY PRESSON, was paid an hourly wage plus tips while working as a server/waitress.

1

5. Plaintiff, COURTNEY PRESSON, is a non-exempt employee and is therefore entitled to overtime compensation.

6. Defendant, VALLARTA MEXICAN RESTAURANT, INC., is a Florida Corporation that operates and conducts business in Hillsborough County, Florida and is therefore, within the jurisdiction of this Court.

7. Specifically, Defendant, VALLARTA MEXICAN RESTAURANT, INC., operates as a Mexican restaurant serving traditional Tex-Mex cuisine. Defendant also serves liquor, beer, and wine.

8. This action is brought under the FLSA to recover from Defendant overtime compensation, liquidated damages, and reasonable attorneys' fees and costs.

9. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1331 and the FLSA and the authority to grant declaratory relief under the FLSA pursuant to 28 U.S.C. §2201 et seq.

10. During Plaintiff's employment with Defendants, Defendant, VALLARTA MEXICAN RESTAURANT, INC., earned more than $500,000 per year in gross sales.

11. Defendant, VALLARTA MEXICAN RESTAURANT, INC., employed approximately 15-20 employees and paid these employees plus earned a profit from their business.

12. During Plaintiff's employment, Defendant, VALLARTA MEXICAN RESTAURANT, INC., employed at least two employees who handled goods, materials and supplies which travelled in interstate commerce, such as food ingredients, soft drinks, restaurant equipment, napkins, utensils, and alcohol.

13. Additionally, Defendant is directly involved in interstate commerce by accepting debit card and credit card payments from out of state banking institutions.

14. Therefore, at all material times relevant to this action, Defendant, VALLARTA MEXICAN RESTAURANT, INC., was/is an enterprise covered by the FLSA, and as defined by 29 U.S.C. §203(r) and 203(s).

### FLSA Violations

15. At all times relevant to this action, Defendant failed to comply with the FLSA because Plaintiff performed services for Defendant for which no provisions were made by Defendant to properly pay Plaintiff for all overtime hours worked.

16. During her employment with Defendant, Plaintiff was not paid time and one-half her regular rate of pay for all hours worked in excess of forty (40) per work week during one or more work weeks.

17. Specifically, Defendant required Plaintiff to work overtime hours off the clock when the company was short three (3) full time servers. In other words, Plaintiff was asked to pick up the extra work while the Defendant was short staffed.

18. Defendants failed to compensate Plaintiff for the overtime hours during the short staff time frame.

19. Furthermore, Plaintiff would work overtime by covering other server's shifts but would not be paid any compensation.

20. Specifically, rather than compensate Plaintiff for the added hours for covering a shift, Defendant would require Plaintiff to seek the wages from the server whose shift was covered. Plaintiff was never able to receive compensation from those

servers. This resulted in Plaintiff working overtime hours for zero compensation.

21. Based upon these above policies, Defendant has violated the FLSA by failing to pay complete overtime as described above.

22. Upon information and belief, the records, to the extent any exist, concerning the number of hours worked and amounts paid to Plaintiff are in the possession and custody of Defendant.

## COUNT I - RECOVERY OF OVERTIME COMPENSATION

23. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-22 above.

24. Plaintiff is/was entitled to be paid time and one-half her regular rate of pay for each hour worked in excess of forty (40) per work week.

25. During her employment with Defendants, Plaintiff worked overtime hours but was not paid time and one-half compensation for same. *See* ¶¶ 16-20.

26. Plaintiff was never compensated for these overtime hours.

27. Defendant did not have a good faith basis for their decision not to pay Plaintiffs full overtime compensation.

28. As a result of Defendant's intentional, willful and unlawful acts in refusing to pay Plaintiff time and one-half her regular rate of pay for each hour worked in excess of forty (40) per work week in one or more work week, Plaintiff has suffered damages plus incurring reasonable attorneys' fees and costs.

29. As a result of Defendant's willful violation of the FLSA, Plaintiff is entitled to liquidated damages.

30. Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff, COURTNEY PRESSON demands judgment against Defendant for unpaid overtime compensation, liquidated damages, reasonable attorneys' fees and costs incurred in this action, declaratory relief, and any and all further relief that this Court determines to be just and appropriate.

Dated this 12 day of April, 2017.

_____
Matthew R. Gunter, Esq.
FBN 0077459
Morgan & Morgan, P.A.
20 N. Orange Ave., 16th Floor
P.O. Box 4979
Orlando, FL 32802-4979
Telephone: (407) 420-1414
Facsimile: (407) 867-0946
Email: mgunter@forthepeople.com
Attorney for Plaintiff